JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant Britton Russia appeals the judgment of the trial court imposing a twelve-month term of incarceration after Russia violated the terms of his community control. We affirm the trial court's judgment.
In April 2003, Russia pleaded no contest to one count of forgery in violation of R.C. 2913.31(A)(3). The court accepted Russia's plea, entered a finding of guilty, and sentenced Russia to community control for three years. Under the terms of his community control, Russia was required to obey all laws and to meet a financial obligation of $1,506.60, which included restitution, probation fees and court costs. To meet this financial obligation, Russia was ordered to pay $43 per month for 34 months.
While serving his community control, Russia was cited for several traffic offenses and convicted of passing a bad check and burglary. He failed to pay any sums towards his financial obligation. On July 9, 2004, the court found that Russia had violated the terms of his community control and sentenced him to one year of incarceration, the maximum term for a fifth-degree felony.
In his sole assignment of error, Russia argues the trial court erred in sentencing him to the maximum term after finding that he was most likely to recidivate. Russia alleges that, in sentencing him to the maximum term, the trial court failed to consider evidence weighing against recidivism, including that Russia had never been to prison, that he had maintained partial employment while on community control, and that he had completed more than one-third of a community-service obligation imposed as a condition of community control in another case.
The trial court sentenced Russia to the maximum term after determining, based upon his prior record, including four separate felony convictions and six theft-related contacts, that he was most likely to recidivate.
The record does not demonstrate that the trial court failed to consider all "relevant factors"[1] in determining the likelihood of recidivism. In assessing whether Russia was likely to re-offend, the trial court was acting within its discretion by assigning no weight to Russia's partial employment and his partial completion of a community-service obligation. Further, the court considered the fact that Russia had never served a prison term, but it found that the maximum prison term was necessary because Russia posed the greatest likelihood of recidivism.
We hold that the trial court made all the statutorily required findings to impose the maximum term of imprisonment for an offender who had never been to prison.[2] Importantly, the court's decision to impose the maximum term was based specifically upon Russia's four prior convictions.[3] We cannot clearly and convincingly find that the record does not support the findings or that those findings were contrary to law.[4]
Accordingly, the assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.
[1] R.C. 2929.12(E).
[2] R.C. 2929.14(C).
[3] See State v. Lowery, 160 Ohio App.3d 138, 2005-Ohio-1181,826 N.E.2d 340, at ¶ 43.
[4] See R.C. 2953.08(G)(2)(a) and (b).